Pay and allowances; shipment of household goods.— Plaintiff, upon retirement in November 1960 from the United States Army, traveled with his dependents from Fort Irwin, California, to Milwaukee, Wisconsin, his selected home of retirement. Plaintiff, in connection with his employment by the Veterans Administration, in July 1961 was transferred from Wisconsin to Cheyenne, Wyoming, having postponed shipment of his household goods until he obtained a permanent post with the Veterans Administration. He seeks to recover the cost of the shipment of his household goods from Fort Irwin to Cheyenne, alleging that, while the Government in 1961 denied his request that the goods 'be shipped at Government expense to Cheyenne on the ground that Cheyenne was not plaintiff’s selected home of retirement as defined by applicable statutes, the statute authorizing payment of moving expenses was changed subsequent to the shipment of his goods to Cheyenne to provide that a member of the Armed Forces retiring with pay is entitled to have his household goods shipped to a location other than his selected home of *572 retirement. Defendant has moved to dismiss the petition, and upon consideration thereof, without oral argument, the court concludes that plaintiff’s alleged claim is barred by the statute of limitations, 28 U.S.C. § 2501, and that his petition fails to state a claim upon which relief can be granted, citing Union Pac. R.R. v. Laramie Stock Yards Co., 231 U.S. 190, 199 (1913) and Greene v. United States, 376 U.S. 149, 160 (1964). On October 31, 1969, the court ordered that defendant’s motion be granted, and dismissed the petition.